**GOODYEAR SERVICE STORES, a Division of the Goodyear Tire & Rubber Company, Inc., Appellant,**

**v.**

**Marvin H. CLEGG et al., Appellees.**

**No. 13998.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 17, 1962.

Hector De Pena, Corpus Christi, for appellant.

Markel Heath, Falfurrias, for appellees.

BARROW, Justice.

This suit involves the validity of a chattel mortgage given to appellant, Goodyear Service Stores, by Marvin H. Clegg on five window air-conditioning units and five electric fans. Goodyear filed suit for foreclosure. Appellee W. Carl Wester, who had physical possession of said property, was made a defendant along with Clegg who was cited by publication. After a hearing before the court, judgment was rendered in favor of the defendants, although the court found that Goodyear had established its cause of action against the absent defendant, Clegg.

The question presented is whether the mortgaged equipment was "attached to realty" so as to require the chattel mortgage to be filed under Art. 5498, Revised Civil Statutes. Goodyear made no effort to comply with this statute. Clegg purchased the equipment from Goodyear's store in Kleberg County, and at that time executed the chattel mortgage. He was identified as owner of the Park Motel, Falfurrias, Texas, which is located in Brooks County. The chattel mortgage was recorded in the chattel mortgage record of Kleberg County, and a few months later in such record of Brooks County. All of these events transpired prior to Wester's purchase of the Park Motel where the equipment was located. There is no evidence that Wester had actual notice of Goodyear's chattel mortgage. The record is silent as to the physical arrangement of the equipment at the motel. The only testimony on the issue of whether the equipment was personal property or fixtures attached to realty came nom Goodyear's employee, Lozano. He testified unequivocally that the window units could very easily be removed without any damage to the realty.

As a general rule, the question of whether or not personal proeprty has the status of a fixture is one of fact. City of Houston v. Priester, Tex.Civ.App., 302 S.W. 2d 948. Since no findings of fact or conclusions of law were requested or made, it must be presumed that all disputed fact issues were found by the court in a manner to support the judgment. This rule does not apply here in that there is no evidence to dispute the clear testimony that the units did not become affixed to the realty. The chattel mortgage was properly recorded and gave Wester constructive notice of Goodyear's claim. Lone Star Gas Co. v. Sheaner, 157 Tex. 508, 305 S.W.2d 150; Burns v. Union State Bank of Carrizo Springs, Tex. Civ.App., 265 S.W.2d 164; Moskowitz v. Calloway, Tex.Civ.App., 178 S.W.2d 878.

Appellee Wester asserts as a counter-point that he purchased the property from a bona fide purchaser and stands in the shoes of such bona fide purchaser. There is no pleading or evidence to support such a defense. Wester's trial amendment alleged the contrary, in that he alleged Clegg was acting as agent for Nielsen or Streater, who were Wester's predecessors in the record title of the realty. Wester offered no evidence other than deed records, and made no effort to show that either Nielsen or Streater was a bona fide purchaser. We therefore overrule this counter-point. Lindig v. Johnson City State Bank, Tex.Com.App., 41 S.W.2d 222.

The judgment is therefore reversed and the cause remanded for entry of judgment in keeping with this opinion.

Reversed and remanded.