The HAVERFIELD COMPANY, Appellant,

v.

Morris L. SIEGEL, Individually and
d/b/a Siegel's, Appellee.

No. 14067.

Court of Civil Appeals of Texas.

San Antonio.

March 13, 1963.

Rehearing Denied April 10, 1963.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellant.

Peter Michael Curry, Herbert M. Schenker, San Antonio, for appellee.

POPE, Justice.

The Haverfield Company, lessee, sued Morris Siegel, individually and d/b/a Siegel's, to recover trade fixtures. It has appealed from a judgment which held that all the items belong to lessor by the terms of the written lease and also by annexation.

The items in dispute are eight millinery wall cases, four mirrors which are constructed around a column in the building, carpeting, two fitting tables, four millinery tables, and three double try-on tables. The parties made their lease on December 18, 1947. It was to begin on July 1, 1948, for a five-year term. They later extended the term, and finally mutually terminated the lease on July 16, 1960. Lessee occupied the premises for a little more than twelve years. Lessor contends that the lease agreement provided a method by which he

would pay for all items over a period of ten years, which he has done, and that all articles in suit now belong to him. The trial court upheld this contention.

The building which lessee occupied was under construction at the time the parties executed the lease. They attached a scale drawing to the lease which showed the portion of the building which lessee would occupy, and the detailed arrangement of the area. The drawing showed that eight wall cases would be located in the lease area. They would be arranged in a semi-circle at one end of the second floor. A door would be hung between the fifth and sixth wall cases. The eight wall cases were specially constructed for the building, and the building was constructed to accommodate the fixtures. A plaster curtain wall was constructed from the ceiling to a point about two inches above the circle of cases. Wall cases of a similar design and arrangement would also be erected for all the other departments on the second floor. So arranged, the cases served as a partition wall between the sales area and fitting rooms, stock rooms and lounges, which were located behind the cases. The floor covering for the entire second floor was in one piece. It covered not only the area leased by Haverfield, but also three other large sales areas. The building was supported by columns, one of which was located in the center of the area leased to Haverfield. Four mirrors were built around the column. The tables also appeared on the drawing and they were located in the area around the column. They could be picked up and carried away, as they were not attached to anything. The lease provision which required construction is:

"9. The Lessee shall install fixtures and floor covering at its own expense as sketched on the fixture plan attached hereto. The Lessee shall also furnish its own display fixtures, both for the millinery department and millinery window display. Upon the termination of this lease, whether by lapse of

time or for any other cause, the Lessor agrees to pay to the Lessee for such fixtures and floor covering, the difference between the cost to the Lessee of such fixtures and floor covering less depreciation computed at the rate of ten per cent (10%) per annum. Upon such payment the fixtures and floor covering, excepting trade fixtures, shall become the property of the Lessor and nothing shall be removed that will mar, damage or change the fixtures."

The intention of the parties is expressed and governed by the lease agreement. Rogers v. Ft. Worth Poultry & Eggs Co., Tex.Civ.App., 185 S.W.2d 165; 22 Am. Jur., Fixtures, § 141. The quoted lease provision mentions three different kinds of fixtures, about which the parties contracted. Sentence one mentions "fixtures and floor covering * * * as sketched on the fixture plan attached hereto." Sentence two mentions "display fixtures," which are not involved in this suit. The last sentence again mentions fixtures and floor covering, but adds the phrase, "excepting trade fixtures." To give all the words of the lease consistency and meaning, trade fixtures must mean something different from the other items mentioned in the same sentence, both of which were within the contemplation of the contracting parties. A similar phraseology is found in the lease construed in White v. Cadwallader & Company, Tex. Civ.App., 299 S.W.2d 189, 190.

The wall cases throughout the second floor were constructed to serve as walls. The column in the Haverfield lease area was permanently enclosed with mirrors, and the floor covering could be removed only by cutting the one-piece rug. These items were grouped as one class, and the others, not attached to anything, constituted another class. The parties contemplated that those items which were a part of the permanent construction, together with the floor covering, were the items termed "fixtures and floor covering" in the lease. They were the items which the lease per-

mitted lessor to buy "upon the termination" of the lease, which he did. Contrasted with those built-in items were the two fitting tables, four millinery tables, and the three try-on tables, which were actually pieces of movable furniture which could be placed or moved anywhere. Those were the items which the parties called trade fixtures. They were articles which were excepted from the provision that the lessor would acquire by purchase. To move them would not mar, damage or change the fixtures. They belong to lessee.

■ No point is made on appeal, but the trial court awarded small sums to lessee for lessor's right to keep the millinery tables, fitting tables, and try-on tables. Since we hold that those items belong to lessee, the $41.00 which the court found that lessor owed lessee for those items is remitted.

■ The judgment is affirmed in part and reversed and rendered in part. The tables, itemized above as trade fixtures, belong to lessee. The other items belong to lessor. Since lessee has prosecuted the appeal with effect, costs are adjudged against lessor.