Larry Wayne FULTON, Appellant,

v.

TEXAS FARM BUREAU INSURANCE COMPANY, Appellee.

No. 05–88–01294–CV.

Court of Appeals of Texas, Dallas.

May 25, 1989.

Rehearing Denied July 24, 1989.

**392**

J. Thomas Sullivan, Ron L. Hundley, Dallas, for appellant.

Michael S. Carnahan, Robert G. Hogue, Dallas, for appellee.

Before McCLUNG, ROWE and BAKER, JJ.

McCLUNG, Justice.

Larry Wayne Fulton appeals from an adverse summary judgment resulting in denial of coverage under the uninsured motorist and personal injury protection provisions of a Texas Farm Bureau (TFB) insurance policy. In four points of error Fulton contends that the trial court erred in granting TFB's motion for summary judgment. We affirm the trial court's judgment.

Fulton was the passenger in a car owned by Darrell Bartek and insured by TFB. On the way home from an auto show, Bartek became involved in an argument with a female driver of another car. The driver of the other car pulled into a liquor store parking lot. Bartek followed her, parked next to her car, and continued the argument. At some point the other driver became angry and intentionally rammed her car into Bartek's car and then left the parking lot. Bartek and Fulton got out of their car to call the police and to try to get information from persons in the parking lot about the other driver. As Fulton was walking in the parking lot, the other driver drove back into the lot and intentionally struck Fulton with her car and immediately drove away. Her identity was never determined. Fulton suffered severe injuries.

Fulton did not have an automobile insurance policy of his own at the time of this accident, which might have provided him protection. Fulton sued TFB under Bartek's auto policy, alleging the car that struck him was uninsured and that he was entitled to recovery under the uninsured motorist and personal injury protection provisions of Bartek's policy.

Bartek's policy provided for the payment of personal injury protection and uninsured motorist benefits to a "covered person." Both coverages required that a "covered person" be a person "occupying" the insured car. The policy defines "occupying" the insured car as being "in, upon, getting in, on, out or off" the insured car. TFB moved for summary judgment because Fulton was not "occupying" the Bartek car at the time that he was injured. The motion was granted.

When contracting parties set forth their own definitions of the terms they employ, the courts are not at liberty to disregard such definitions and substitute other meanings. *Hart v. Traders & General Inc. Co.*, 487 S.W.2d 415, 417 (Tex.Civ. App.—Fort Worth 1972, writ ref'd n.r.e.). Here, the parties to the contract agreed that the term "occupying" should be defined as "in, upon, getting in, on, out or off." By no stretch of the imagination could Fulton be said to have been "in, upon, getting in, on, out or off" of Bartek's car. Fulton was walking about freely in the parking lot at the time he was struck by the alleged "uninsured" car.

Fulton cites *Ferguson v. Aetna Casualty & Surety Co.*, 369 S.W.2d 844 (Tex.Civ.App.—Waco 1963, writ ref'd.), for the proposition that contact with the insured car alone is not sufficient to show that a person was "in or upon" a car. In *Ferguson* the plaintiff had placed her hand on the door handle merely to steady herself as she walked around the car. Fulton argues that it is not dispositive that he was not in contact with Bartek's car when he was hit. While this is correct, it is required that there be some causal relationship between the insured car and the accident causing the injury before recovery can be made. *Flores v. Dairyland County Mutual Ins. Co.*, 595 S.W.2d 893, 895 (Tex.Civ. App.—Eastland 1980, writ ref'd n.r.e.).

It is undisputed that both Bartek and Fulton had previously gotten out of Bartek's car; that Fulton was walking in the parking lot when he was struck; that Bar-

tek was inside the store; and that the Bartek car was parked in the parking lot when this incident occurred. Fulton testified by deposition that when he was struck, he was walking toward Bartek, shouting a reminder to him to call the police. Fulton further stated that he had been attempting to obtain information from other persons in the parking lot about the other driver. Fulton's efforts to be sure that the authorities would be notified and to obtain information about the other driver were distinctly separate activities from his being a passenger in Bartek's car. We conclude there is no causal connection between the incident which caused Fulton's injuries and Bartek's car. We hold that the trial court was correct in its determination that, as a matter of law, Fulton's injuries were not covered under Bartek's policy. Our determination that Fulton, as a matter of law, was not "occupying" the Bartek vehicle, as that term is defined in the policy, is dispositive of all of appellant's points of error. We affirm the trial court's judgment.