The North River Ins. Co. v. Celia Galvan, Indiv. and as Representative of the Estate of Santiago Galvan, Deceased, and as Next Friend for Beatriz Galvan, Leonel Galvan and Elena Galvan, Minor Children, and Candelaria Galvan, Indiv., and M.A. Pilar Galvan,
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-266-CV

     THE NORTH RIVER INSURANCE
     COMPANY,
                                                                                        Appellant
     v.

     CELIA GALVAN, INDIVIDUALLY AND AS 
     REPRESENTATIVE OF THE ESTATE OF 
     SANTIAGO GALVAN, DECEASED, AND AS 
     NEXT FRIEND FOR BEATRIZ GALVAN, 
     LEONEL GALVAN AND ELENA GALVAN,
     MINOR CHILDREN, AND CANDELARIA
     GALVAN, INDIV., AND M.A. PILAR
     GALVAN, INDIV.,
                                                                                        Appellees
 
 
From the 18th District Court
Johnson County, Texas
Trial Court # 135-95
                                                                                                                 

O P I N I O N
                                                                                                                 

      The North River Insurance Company (“North River”) appeals a motion for summary judgment
granted in favor of Celia Galvan, Individually, and as Representative of the estate of Santiago
Galvan, and her children (collectively referred to as “the Galvans”).


 The Galvans brought suit
to recover policy benefits from North River under an uninsured/underinsured motorist
(“UM/UIM”) business auto policy issued to Santiago Galvan’s employer, John Copeland
Enterprises, Inc. (“Copeland”). 
      The Galvans and North River filed cross-motions for summary judgment disputing whether
Santiago Galvan was occupying a Copeland vehicle when he was fatally injured in an accident. 
Finding that Santiago Galvan was occupying the vehicle, the court granted the Galvans’ motion for
summary judgment and denied North River’s motion for summary judgment. 
      North River alleges that the issue presented is whether Santiago Galvan was “occupying” the
insured vehicle as a matter of law at the time of the accident. North River asserts that he was not
“occupying” the insured vehicle and that the court erred in granting the Galvans’ summary
judgment and in denying its motion for summary judgment.
FACTUAL BACKGROUND
      Copeland employed Santiago Galvan as part of a road crew. On January 25, 1995, Galvan and
Jesus Benhumea were repairing a guardrail along a highway. The men had placed 40-50 orange
warning cones to block the left two lanes of traffic. After completing the repairs, they drove to the
last cone, and Galvan got out of the truck to retrieve the cones. As Benhumea drove backwards,
Galvan retrieved the cones and put them in the back of the pickup. 
      During the retrieval process, Ricky Duane Smith, an underinsured motorist, struck Galvan and
the pickup truck. Galvan was killed as a result of the accident, and Benhumea sustained personal
injuries.
      The pickup truck belonged to Copeland, which had a business auto policy with North River. 
Because Smith was underinsured, the Galvans sought coverage under the North River UM/UIM
provision of the policy. 
SUMMARY JUDGMENT
      When the parties in a case have filed cross-motions for summary judgment and one is granted
while the other is denied, the court may consider the propriety of the denial as well as the granting. 
McCreight v. City of Cleburne, 940 S.W.2d 285, 287-88 (Tex. App.—Waco 1997, writ denied);
Capitan Enterprises, Inc. v. Jackson, 903 S.W.2d 772, 774-75 (Tex. App.—El Paso 1994, writ
denied). If the issue raised is based upon undisputed facts, the court may determine the issue as
a matter of law. McCreight, 940 S.W.2d at 288; Capitan, 903 S.W.2d at 775. In this situation,
the court will either affirm the summary judgment or reverse and render. Jones v. Strauss, 745
S.W.2d 898, 900 (Tex. 1988); McCreight, 940 S.W.2d at 288. 
      A plaintiff moving for summary judgment must conclusively prove that it is entitled to prevail
on each element of its cause of action. See Cluett v. Medical Protective Co., 829 S.W.2d 822, 825
(Tex. App.—Dallas 1992, writ denied). The potential insured has the burden to prove that the loss
was covered by the policy. See Employers Cas. Co. v. Block, 744 S.W.2d 940, 944 (Tex. 1988). 
Therefore, the Galvans must establish policy coverage as a matter of law in order to prevail on a
motion for summary judgment.
UM/UIM POLICY
      The UM/UIM policy provides the following coverage:
 
We will pay damages which an “insured” is legally entitled to recover from the owner or
operator of an uninsured motor vehicle because of bodily injury sustained by an insured,
or property damage caused by an accident. The owner’s or operator’s liability for these
damages must arise out of the ownership, maintenance or use of the uninsured motor
vehicle. (quotes added)
 
The policy defines an “insured” in pertinent part as “any other person occupying a covered auto.” 
Section F of the UM/UIM policy says “occupying means in, upon, getting in, on, out or off.” 
      Terms used in an insurance policy are to be given their ordinary and generally accepted
meaning unless the policy shows the words were meant to be used in a technical or different way. 
Ramsay v. Maryland Am. Gen. Ins. Co., 533 S.W.2d 344, 346 (Tex. 1976). We find that the
words “in, upon, getting in, on, out or off” should be given their ordinary and plain meaning. 
Finding no ambiguity, we will enforce the policy in accordance with its plain meaning. See
Upshaw v. Trinity Cos., 842 S.W.2d 631, 633 (Tex. 1992). 
      The Galvans cite cases which discuss the existence of a causal relationship between the insured
vehicle and the accident. See Flores v. Dairyland County Mut. Ins. Co., 595 S.W.2d 893, 894-95
(Tex. Civ. App.—Eastland 1980, writ ref’d n.r.e.); Fulton v. Texas Farm Bureau Ins. Co., 773
S.W.2d 391, 392-93 (Tex. App.—Dallas 1989, writ denied). The Galvans also argue that it is not
necessary to be in physical contact with a vehicle in order to be occupying it. See Ferguson v.
Aetna Cas. & Sur. Co., 369 S.W.2d 844, 846 (Tex. Civ. App.—Waco 1963, writ ref’d) (physical
contact alone is not the test as to whether an insured is “in or upon” an auto). 
      In Flores, the plaintiff sought personal injury protection coverage for “liability arising out of
the ownership, maintenance or use of any motor vehicle.” Flores, 595 S.W.2d at 894. The
plaintiff exited his auto and took about four steps when he tripped over a curb and broke his leg. 
Id. The court required some casual relationship to exist between the insured vehicle and the
accident before coverage could be required under the personal injury protection coverage for use
of the insured vehicle. Id. at 895. The court found that the facts of the case established no causal
relationship between the vehicle and the accident. Id.
      The Fulton case discusses causal relationship in the context of determining occupancy rather
than use. Fulton, 773 S.W.2d at 392. The plaintiff was a passenger in a vehicle which was struck
by an unidentified motorist who fled the scene. Id. The plaintiff exited the vehicle and walked to
a parking lot where he was struck by the same unidentified motorist. Id. The plaintiff sought
coverage under the UM/UIM and personal injury protection provisions of the auto policy of the car
in which he was a passenger. Id. 
      The UM/UIM and personal injury protection coverage required that the plaintiff be a person
occupying the insured car. Occupying was defined as being “in, upon, getting in, on, out or off”
which is the same definition used in our case. Id. The plaintiff argued that the fact that he was not
in contact with the insured vehicle at the time of the accident was not dispositive. Id. The court
agreed with the plaintiff, but citing the Flores case, the court said that “it is required that there be
some casual relationship between the insured car and the accident causing the injury before
recovery can be made.” Id. The Fulton court found no causal connection between being struck
by the motorist and the insured vehicle and therefore determined that the plaintiff was not
occupying the vehicle and was not covered by the policy. Id. at 393. 
      The Flores policy dealt with coverage for “liability arising out of the ownership, maintenance
or use of any motor vehicle.” Flores, 595 S.W.2d at 894 (emphasis added). Use of a vehicle is
broader than the limited definition given for occupying a vehicle. See State Farm Mut. Auto. Ins.
Co. v. Pan Am. Ins. Co., 437 S.W.2d 542, 545 (Tex. 1969) (use is the general catchall of the
insuring clause). We recognize that a causal relationship between the injury and use of the auto
is essential to recovery for injury resulting from or arising out of the use of a covered auto. See
National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 142 (Tex.
1997). 
      However, in our case, we are determining whether Galvan was occupying rather than using
the vehicle. The relationship between the insured auto and the accident is not pertinent in
determining whether someone is occupying an insured auto. Thus, we disagree with the Fulton
court’s discussion and use of causal relationship in determining whether someone is occupying a
vehicle. Therefore, we will not discuss any causal relationship when determining whether Galvan
was occupying the truck.
      In accordance with the plain meaning of the UM/UIM provision, we must determine if Galvan
was “in, upon, getting in, on, out or off” the pickup truck at the time of the accident. According
to the deposition testimony of Benhumea, Galvan was standing half a meter behind the truck at the
time of the accident. Smith testified that Galvan was a foot behind the truck. Benhumea and Smith
both testified that Galvan was not “getting in, on, or off” the truck when the accident occurred. 
The uncontroverted evidence shows that Galvan was not “in, upon, getting in, on, out or off” nor
even touching the truck at the time of the accident. Thus, he was not occupying the truck as
defined by the policy.
      Our case is clearly distinguishable from Hart v. Traders & General Ins. Co., 487 S.W.2d 415
(Tex. Civ. App.—Fort Worth 1972, writ ref’d n.r.e.). In Hart, the plaintiff was repairing a car
on the side of the highway when his car was struck by another car. Id. at 416. The court held that
the plaintiff was occupying the car because he was lying “upon” the fender of the car at the time
of the accident. Id. at 420. 
      The summary judgment evidence establishes as a matter of law that Galvan was not occupying
the insured truck at the time of the accident. See McCreight, 940 S.W.2d at 288. Therefore,
Galvan was not covered by the UM/UIM provision of the policy issued by North River. See Block,
744 S.W.2d at 944. Thus, the court erred in granting the Galvans’ motion for summary judgment
and denying North River’s motion for summary judgment.
      In rendering the judgment the trial court should have rendered, we reverse the summary
judgment granted in favor of the Galvans and grant summary judgment in favor of North River,
that the Galvans take nothing. See Tex. R. App. P. 43.2(c).
 
                                                                               REX D. DAVIS
                                                                               Chief Justice
 
Before Chief Justice Davis
       Justice Cummings and
       Justice Vance
Reversed and rendered
Opinion delivered and filed April 16, 1998 
Do not publish