**Jeffrey Todd McKIDDY, Appellant,**

v.

**TRINITY LLOYD'S INSURANCE COMPANY, Appellee.**

No. 05–03–00908–CV.

Court of Appeals of Texas, Dallas.

April 1, 2004.

Gergory C. McCarthy, Josh P. Norrell, Miller & McCarthy, P.C., Dallas, TX, for Appellant.

Carlos A. Balido, Touchstone Bernays Johnston Beall & Smith, L.L.P., Dallas, TX, for Appellee.

Before Justices JAMES, WRIGHT, and BRIDGES.

OPINION

Opinion by Justice JAMES.

Jeffrey Todd McKiddy appeals the trial court's granting of summary judgment in favor of Trinity Lloyd's Insurance Company. The court found McKiddy was not "occupying" the vehicle covered by Trinity's insurance policy; McKiddy, therefore, was not entitled to coverage under Trinity's policy. McKiddy contends the court erred because: (1) McKiddy was in physical contact with the covered vehicle, thus being "upon" the vehicle; (2) Trinity cannot overcome a presumption of coverage because it did not restrict the definition of "occupying"; and (3) the term "occupying" is ambiguous and should be construed in

favor of McKiddy. We affirm the trial court's judgment.

McKiddy was injured when a car driven by Joe Smith skidded off an icy road into McKiddy. McKiddy had been a passenger in a car owned by Eddie Deen and Company, Inc.; the Deen car had also skidded off the road. After the Deen car slid off the road, McKiddy and the other occupants of the Deen car exited their vehicle. While McKiddy was outside the Deen car, Smith's car hit McKiddy, causing injury. McKiddy received coverage from Smith's insurance up to the limits of his policy. McKiddy then sought coverage under the underinsured motorist provision of the policy covering the Deen vehicle. The policy had been issued by Trinity, and Trinity denied coverage stating McKiddy was not "occupying" the Deen vehicle.

McKiddy sought a declaratory action, seeking judgment that he was a "covered person" under the policy.[1] He moved for a traditional summary judgment, alleging no material issue of genuine fact existed. Included in his summary judgment evidence were affidavits by McKiddy and Smith. In its response to McKiddy's motion, Trinity objected to both affidavits as improper summary judgment evidence.[2] Trinity also filed a no-evidence motion for summary judgment. In McKiddy's response to Trinity's no-evidence motion, McKiddy again relied on the affidavits and the insurance policy. The court granted Trinity's no-evidence summary judgment motion, granted Trinity's objections to the complained-of summary judgment evidence produced by McKiddy, and denied McKiddy's motion for summary judgment. The court declared McKiddy was not "occupying" the Deen vehicle and was, therefore, not entitled to coverage.

### Summary Judgment Evidence

McKiddy appeals only the court's declaration he was not occupying the vehicle; he does not appeal the court's ruling on Trinity's objections to McKiddy's summary judgment evidence. Therefore, we do not review whether the trial court was correct to sustain Trinity's objections. Instead, McKiddy claims that because he used the same evidence in his response to Trinity's summary judgment motion without objection by Trinity, that evidence was before the court.

Once a party objects in writing to summary judgment evidence, the other party has an opportunity to amend its original evidence. *See* TEX.R. CIV. PROC. 166a(f). McKiddy used the evidence—without amending the evidence—again after Trinity's objection but before the court ruled on the objection. We conclude, therefore, that McKiddy's use of the complained-of evidence demonstrates McKiddy refused to amend his evidence after it was objected to. McKiddy presents this Court with no authority to support his implied argument that a party may circumvent an objection to summary judgment evidence merely by resubmitting the exact evidence with another motion before the court rules on the original objection. Without such authority to support this implied argument, we do not review it on appeal. *See* TEX.R.APP. PROC. 38.1(h). Accordingly, we conclude the complained-of evidence is not before us on appeal.

1. The policy defines an insured as "anyone ... occupying a covered auto," and "occupying" is defined as "in, upon, getting in, on, out or off."

2. Trinity also objected to the copy of the insurance policy and a letter denying coverage; neither was verified. However, Trinity included a verified copy of the policy with its no-evidence summary motion. Accordingly, the policy is properly before us as summary judgment evidence.

### "Occupying" the Deen Vehicle

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* at 833. When analyzing a no-evidence summary judgment, we consider the evidence in the light most favorable to the nonmovant. *See id.*

Trinity moved for summary judgment on the basis that McKiddy had not been "occupying" the Deen vehicle at the time of the accident. The court granted the summary judgment, declaring McKiddy had not been "occupying" the Deen vehicle. In each of his three issues on appeal, McKiddy argues the court erred because he was "occupying" the Deen vehicle under the definition of the policy. In his first issue, McKiddy contends that because he was in physical contact with the Deen vehicle, he was "upon" it. McKiddy relies on case law finding coverage when a person was in contact with a covered vehicle when struck by another vehicle. *See Hart v. Traders & Gen. Ins. Co.*, 487 S.W.2d 415 (Tex.Civ.App.-Fort Worth 1972, writ ref'd n.r.e.) (leaning on the covered vehicle's fender when struck by another vehicle). However, McKiddy does not direct this Court to any evidence (properly before us on appeal) that McKiddy was in contact with—or even next to—the Deen vehicle when Smith hit McKiddy. We resolve McKiddy's first issue against him.

In his second issue, McKiddy contends a presumption of coverage exists because Trinity did not restrict its definition of "occupying" with respect to the terms "out" or "off." The policy defines "occupying" as "in, upon, getting in, on, out or off." McKiddy argues that "getting" does not modify "on," "out," or "off," and therefore, McKiddy could be occupying the Deen vehicle when he was "out" of the vehicle. We disagree.

McKiddy argues no Texas court has directly construed the "getting in, on, out or off language." However, Texas courts have considered coverage based on the "getting in, on, out or off" policy language. When the injury occurred outside of the covered vehicle, those courts looked at whether there was a causal connection between the incident that caused the injury and the covered vehicle. *See Schulz v. State Farm Mut. Auto. Ins. Co.*, 930 S.W.2d 872, 875 (Tex.App.-Houston [1st District.] 1996, no pet.) (finding no causal connection between the covered vehicle and being shot outside of the vehicle); *Fulton v. Tex. Farm Bureau Ins. Co.*, 773 S.W.2d 391, 393 (Tex.App.-Dallas 1989, writ denied) (finding no causal connection between the covered vehicle and being hit by another car while walking freely about the parking lot).

We find no causal connection between McKiddy's injuries and the covered vehicle. The only evidence showing how far McKiddy was from the covered vehicle was McKiddy's deposition he was no more than ten feet from it. In his deposition, Smith agreed it would be difficult to say how far McKiddy had been from the Deen vehicle, that he was not prepared to estimate the distance, and that he could not "swear" where McKiddy had been. This shows Smith's distance testimony was merely conjecture, which is incompetent summary judgment evidence. *See Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997). However, McKiddy stated in his testimony he was walking toward another vehicle owned by Deen when he was struck—not walking back to the covered vehicle in which he had previously been a passenger. McKiddy produced no evidence showing how long he had been out

of the covered vehicle before being struck by Smith, and McKiddy produced no evidence showing his injuries were related to any impact with the Deen vehicle. Accordingly, we conclude McKiddy failed to provide more than a scintilla of probative evidence to raise a fact issue on whether there was a causal connection between McKiddy's injuries and the covered vehicle. *See General Mills*, 12 S.W.3d at 833. We resolve McKiddy's second issue against him.

In his third issue, McKiddy argues the term "occupying" is ambiguous and must therefore be construed in favor of coverage. Contract language that can be given a certain or definite meaning is not ambiguous and should be interpreted as a matter of law. *See DeWitt County Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 100 (Tex.1999). We have applied the language of "getting in, on, out or off" above, as have other Texas courts. *See Schulz*, 930 S.W.2d at 875; *Fulton*, 773 S.W.2d at 392–93. We conclude the language is not ambiguous. We resolve McKiddy's third issue against him.

We affirm the judgment of the trial court.