Opinion issued August 31, 2006 
     












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01168-CV




LOUIS GOUDEAU and TASHA GOUDEAU, Appellants

V.

UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee



On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2002-08501


                    
O P I N I O N
           This case involves coverage under an automobile policy’s uninsured
underinsured motorist (“UM/UIM”) clause. Appellants, Louis Goudeau (“Louis”) and
Tasha Goudeau (“Tasha”), appeal from a summary judgment rendered in favor of
appellee, United States Fidelity & Guaranty Company (USF&G–Defendant).


 We
determine whether Tasha has specifically challenged every possible ground for the
rendition of the trial court’s summary-judgment ruling against her. We also determine
whether the trial court erred in its summary-judgment ruling against Louis because (1)
the UM/UIM endorsement in the automobile policy was ambiguous and (2) Louis was
“occupying” a covered vehicle. We affirm the summary judgment on Tasha’s claim
for UM/UIM coverage against USF&G–Defendant, reverse the judgment on Louis’s
claim for UM/UIM coverage against USF&G–Defendant, and remand the cause.Factual Background
          On the date of the accident on which this suit is based, Louis was an employee
of Advantage Motors, Inc. d/b/a Advantage BMW–Clearlake or Advantage BMW 
(“Advantage”) and was operating a vehicle owned by Advantage (“the covered
vehicle”). Advantage had a worker’s compensation policy (“the workers’
compensation policy”) and a business automobile policy (“the automobile policy”)
with “United States Fidelity & Guaranty Company.” The automobile policy listed as
named insureds “Momentum Motorcars, LTD” and certain of its affiliated business
entities, including Advantage; and two individuals, Pete Delongchamps and Ricardo
Weitz. The automobile policy also contained an endorsement for UM/UIM coverage,
which described “covered autos” as “any auto to which are attached dealer’s license
plates issued to [Advantage].” The UM/UIM endorsement stated, “This [UM/UIM]
coverage shall not apply directly to benefit any insurer or self-insurer under any
workers’ compensation, disability benefits or similar law.” The UM/UIM
endorsement defined an insured as “1.You and any designated person and any family
member of either; 2. Any other person occupying a covered auto; 3. Any person or
organization for damages that person or organization is entitled to recover because of
bodily injury sustained by a person described in 1. or 2. above.”
           On May 31, 2001, Louis, who was driving in the covered vehicle, pulled onto
the right shoulder of the freeway to offer assistance to a motorist who had been driving
a Pontiac Trans Am that collided into the retaining wall. As Louis began to walk
between the covered vehicle, the Pontiac Trans Am, and the retaining wall, Alex
Rodriguez’s automobile collided with the driver-side door of the covered vehicle,
which caused Rodriguez’s automobile to spin and to collide with the Pontiac Trans
Am. Louis was pinned between the covered vehicle, the Pontiac Trans Am, and the
retaining wall. 
           Louis sued Rodriguez for negligence and USF&G–Defendant for UM/UIM
coverage under the automobile policy. Tasha, who was married to Louis at the time
of the accident, sued USF&G–Defendant for loss of consortium. Tasha was not
involved in the accident and was not driving, occupying, or otherwise using the
covered vehicle at the time. 
          On June 25, 2003, USF&G, as intervenor (“USF&G–Intervenor”), filed its plea
in intervention, alleging that it was “interested in the subject matter of this suit because
it carried workers’ compensation insurance with [Louis’s] employer, [Advantage].” 
USF&G–Intervenor pleaded that it was subrogated to the rights of Louis and Tasha
to the extent of the amount that it had and would pay out under the workers’
compensation policy. 
          On May 4, 2004, USF&G–Defendant moved for 166a(c) partial summary
judgment on the grounds that (1) Louis was not an insured as a matter of law because
he was excluded under the workers’ compensation exclusion in the UM/UIM
endorsement, (2) Louis and Tasha were not insureds as a matter of law because they
were not occupying a covered automobile at the time of the accident, (3) Tasha could
not recover for loss of consortium as a matter of law because the UM/UIM
endorsement covered only damage for bodily injury or property damage, and (4) Tasha
could not recover as a derivative of Louis’s claim because he was not an insured as a
matter of law. USF&G–Defendant attached the following summary-judgment
evidence as exhibits: (1) “Plaintiffs’ Second Amended Petition,” (2) the automobile
policy, (3) “Intervenor’s First Amended Petition in Intervention,” and (4) the police
report of the accident. Louis and Tasha objected to USF&G–Defendant’s summary-judgment evidence, alleging that the evidence was improper because it was
unauthenticated. Louis and Tasha also responded to USF&G–Defendant’s partial-summary-judgment motion, alleging that USF&G–Defendant had not met its
summary-judgment burden, that there was a fact issue, and that the automobile policy
language was ambiguous. On May 25, 2004, the trial court, in writing, overruled
Louis and Tasha’s objections to USF&G–Defendant’s summary-judgment evidence;
denied USF&G–Defendant’s summary-judgment motion on the ground that Louis was
not an insured because he was excluded under the workers’ compensation exclusion
in the UM/UIM endorsement; and granted the summary-judgment motion “based on
the premise that [Louis] was not ‘occupying’ a covered vehicle and the premise that
[Tasha] is excluded from coverage.” 
          On August 6, 2004, Louis settled with Rodriguez for the full policy liability
limits of $20,000. On October 29, 2004, Louis and Tasha filed their notice of appeal. 
On November 17, 2004, USF&G–Intervenor filed its notice of appeal. On May 13,
2005, USF&G–Intervenor requested that this Court dismiss its appeal, which this court
did by order dated June 23, 2005.      

Summary Judgment
          In two points of error, Louis and Tasha argue that the trial court erred by
rendering summary judgment in favor of USF&G–Defendant.
A.      Standard of Review and Burden of Proof
          The propriety of summary judgment is a question of law, and we thus review
the trial court’s ruling de novo. Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). In reviewing a summary judgment, evidence favorable
to the non-movant is taken as true, and all reasonable inferences are indulged in the
non-movant’s favor. Johnson County Sheriff’s Posse Inc. v. Endsley, 926 S.W.2d 284,
285 (Tex. 1996). 
           Traditional summary judgment under rule 166a(c) is proper only when a movant
establishes that there is no genuine issue of material fact and that he is entitled to
judgment as a matter of law. Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640,
644 (Tex. 1995). A defendant is entitled to a traditional summary judgment if the
evidence disproves as a matter of law at least one element of each of the plaintiff’s
causes of action or if the evidence conclusively establishes all elements of an
affirmative defense. Id. We indulge every reasonable inference in favor of the non-movant, resolve any doubts in its favor, and take as true all evidence favorable to it.
Id.
          When the movant does not meet its burden of proof, the burden does not shift
to the non-movant. M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22,
23 (Tex. 2000). The burden shifts to the non-movant only after the movant has
established it is entitled to summary judgment as a matter of law. Casso v. Brand, 776
S.W.2d 551, 556 (Tex. 1989).
B.      Tasha’s Cause of Action
          On appeal, Tasha does not challenge the summary judgment for
USF&G–Defendant on her loss-of-consortium cause of action on the grounds that (1)
Tasha was not an insured because she was not occupying a covered automobile at the
time of the accident and (2) Tasha could not recover for loss of consortium because
the UM/UIM endorsement covered only damage for bodily injury or property damage.



          

          When more than one ground is asserted in a motion for summary judgment and
the trial court does not specify the ground or grounds upon which it was rendered, the
party aggrieved by the motion must challenge each ground asserted in the motion, or
the summary judgment will be upheld on the unchallenged ground or grounds. 
Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Ellis v. Precision
Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002,
no pet.) (holding that, when summary judgment rests on more than one ground,
appealing party must assign error to each ground, or judgment will be affirmed on
ground about which no complaint is made). Unless an appellant has specifically
challenged every possible ground for the rendition of summary judgment, the appellate
court need not review the merits of the challenged ground and may affirm on an
unchallenged ground. See id.; Reese v. Beaumont Bank, N.A., 790 S.W.2d 801,
804–05 (Tex. App.—Beaumont 1990, no writ). Here, the trial court stated,
“[USF&G–Defendant’s] motion for summary judgment is GRANTED as to the
grounds based on the premise that [Louis] was not “occupying” a covered vehicle and
the premise that [Tasha] is excluded from coverage. . . .” Accordingly, the trial court
did not specify on which grounds it was ruling that Tasha was excluded from
coverage. See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001) (holding
that if judgment does not specify ground relied upon for granting summary judgment,
judgment must be affirmed if any of grounds in motion has merit). The summary-judgment motion alleged three grounds against Tasha’s cause of action.
          Because Tasha did not challenge the above-mentioned grounds on appeal, the
judgment must be affirmed with regard to her cause of action. See Ellis, 68 S.W.3d
at 898; Lewis v. Adams, 979 S.W.2d 831, 833 (Tex. App.—Houston [14th Dist.] 1998,
no pet.).
C.      Louis’s Claim
          Louis argues that the trial court erred in its summary-judgment ruling because
USF&G–Defendant’s summary-judgment evidence was improper, USF&G–Defendant
failed to establish conclusively that Louis was not an insured because the UM/UIM
endorsement in the automobile policy was ambiguous, Louis was “occupying” a
covered vehicle, and USF&G–Intervenor judicially admitted that Louis was an
insured.
          1.       Burdens of Proof Applicable to Insurance Coverage Disputes

          In an insurance coverage dispute, the claimant has the initial burden to establish
that his claim comes within the scope of coverage provided by the policy. Comsys
Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co., 130 S.W.3d 181, 188 (Tex.
App.—Houston [14th Dist.] 2003, pet. denied); Evergreen Nat’l Indem. Co. v. Tan It
All, Inc., 111 S.W.3d 669, 675 (Tex. App.—Austin 2003, no pet.). In contrast, the
insurer has the burden to prove that a claim comes within a policy exclusion or
limitation of coverage. Tan It All, Inc., 111 S.W.3d at 675; see Act of May 27, 1991,
72nd Leg., R.S., ch. 242, § 11.03, 1991 Tex. Gen. Laws 939, 1046 (repealed and
recodified 2003) (current version at Tex. Ins. Code Ann. § 554.002 (Vernon Supp.
2005)). Whether Louis was an insured under the UM/UIM endorsement is a question
of the existence of coverage, rather than of an exclusion, limitation, or exception to
coverage; accordingly, Louis had the burden of proof.


 See Comsys Info. Tech. Servs.,
130 S.W.3d at 188; Tan It All, Inc., 111 S.W.3d at 675.
          2.       Ambiguity of Automobile Policy Language
          Louis argues that the automobile policy was ambiguous because
“[USF&G–Defendant] interprets its Policy to mean that [Louis] is not a covered
insured—whereas [USF&G–Intervenor] construes the same Policy provisions to mean
he is a covered insured.” 
          We construe insurance policies in Texas according to the rules governing
contract construction. Am. Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157
(Tex. 2003). If policy language has a certain or definite legal meaning or
interpretation, then it is not ambiguous, and we construe it as a matter of law. Id.
Whether a contract is ambiguous is a question of law. Id. An ambiguity does not arise
merely because the parties offer conflicting interpretations of the policy language. Id. 
Rather, an ambiguity exists only if the contract is susceptible of two or more
reasonable interpretations. Id. If language in an insurance contract is ambiguous or
inconsistent, and susceptible to more than one reasonable interpretation, a court
resolves the uncertainty by adopting a construction that favors the insured. Nat’l
Union Fire Ins. Co. v. Hudson Energy Co., 811 S.W.2d 552, 555 (Tex. 1991). We thus
construe an ambiguous insurance policy strictly against the insurer and in favor of
coverage. Barnett v. Aetna Life Ins., 723 S.W.2d 663, 666 (Tex. 1987).
          The UM/UIM endorsement expressly defined an insured as “1.You and any
designated person and any family member of either; 2. Any other person occupying
a covered auto; 3. Any person or organization for damages that person or organization
is entitled to recover because of bodily injury sustained by a person described in 1. or
2. above.” It also defined “occupying” as “in, upon, getting in, on, out or off.” 
Contract language that can be given a certain or definite meaning is not ambiguous
and should be interpreted as a matter of law. See DeWitt County Elec. Coop., Inc. v.
Parks, 1 S.W.3d 96, 100 (Tex. 1999). The term “occupying” can be given a certain
or definite meaning. See McKiddy v. Trinity Lloyd’s Ins. Co., 155 S.W.3d 307, 309
(Tex. App.—Dallas 2004, pet. denied) (holding that contract term “occupying” is not
ambiguous as matter of law because Texas courts have applied the meaning of “getting
in, on, out or off” to “occupying”). We hold that the automobile policy is not
ambiguous merely because USF&G, in its different capacities below, advanced
allegedly conflicting contract interpretations of the term. See Schaefer, 124 S.W.3d
at 157. Accordingly, we need not resort to the rules of construction. 
          3.       USF&G–Defendant’s Summary-Judgment Burden



          Louis argues that “[USF&G–Defendant] has also clearly failed to meet its
‘particularly heavy burden’ [citation omitted] to ‘prove conclusively all elements of
(its) affirmative defense(s) as a matter of law. . . .” However, whether Louis was an
insured under the UM/UIM endorsement is a question of the existence of coverage,
rather than of an exclusion, limitation, or exception to coverage; accordingly, Louis
had the initial burden of proof to establish coverage under the terms of the automobile
policy. See Comsys Info. Tech. Servs., Inc., 130 S.W.3d at 188.


 We construe Louis’s
argument to be that USF&G–Defendant failed to establish that no genuine issue of
material fact existed concerning one or more essential elements of Louis’s claim and
that it was entitled to summary judgment as a matter of law. See Tex. R. Civ. P.
166a(c). 
          The automobile policy contained the standard Texas UM/UIM endorsement that
defined “insured” to include, in addition to the named insured, designated
beneficiaries, family members, and “any other person occupying a covered auto.” The
parties do not dispute that the vehicle that Louis was driving was a “covered auto.” 
Furthermore, they do not contend that Louis was a named insured, a family member,
or a “designated person” under the automobile policy. Rather, Louis’s position has
consistently been that he qualifies as “[a]ny other person occupying a covered auto.”
The policy defined “occupying” as “in, upon, getting in, on, out or off.”
          USF&G–Defendant argues that it was entitled to summary judgment because
Louis, who was not inside the covered vehicle and was walking on the shoulder of the
freeway, was not “occupying” a covered vehicle when he was struck. When an injury
has occurred outside of a covered vehicle, Texas courts look at whether there is a
causal connection between the incident that caused the injury and the covered vehicle. 
See McDonald v. S. County Mut. Ins. Co., 176 S.W.3d 464, 471 (Tex. App.—Houston
[1st Dist.] 2004, no pet.). In assessing the existence of a causal relationship between
the vehicle and the injury, Texas courts have considered such indicia as (1) the
physical proximity between the injured person and the vehicle; (2) the amount of time
during which the injured person was outside the vehicle; (3) the purpose for his being
outside the vehicle, i.e. whether it was related to the use of the covered vehicle; and
(4) whether an impact with the covered vehicle caused the injuries. See Ferguson v.
Aetna Cas. & Sur. Co., 369 S.W.2d 844, 845 (Tex. Civ. App.—Waco 1963, writ ref’d)
(holding that trial court did not err by granting defendant’s traditional summary-judgment motion because plaintiff was injured when she was walking toward covered
vehicle and grabbed handle of different car for support); McDonald, 176 S.W.3d at
471 (holding that trial court did not err by finding that plaintiffs were not occupying
covered vehicle when they walked approximately 50 feet away from covered vehicle,
which was parked on shoulder of freeway, to opposite side of feeder road and were
struck by another vehicle); McKiddy, 155 S.W.3d at 309–10 (holding that trial court
did not err by granting defendant’s no-evidence motion for summary judgment on
ground that plaintiff was not occupying covered vehicle because evidence showed that
plaintiff had exited covered vehicle and was approximately 10 feet away from it when
he was struck by another vehicle); Schulz v. State Farm Mut. Auto. Ins. Co., 930
S.W.2d 872, 875–76 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (holding that trial
court did not err by granting defendant’s traditional summary-judgment motion on
ground that plaintiff was not occupying covered vehicle because plaintiff was shot
outside of covered vehicle); Ins. Co. of the State of Penn. v. Pearson, No.
07-03-0340-CV, 2004 WL 2053285 at *1 (Tex. App.—Amarillo Sept. 7, 2004, no
pet.) (mem. op.) (holding that trial court erred by denying defendant’s traditional
summary-judgment motion on ground that plaintiff was not occupying covered vehicle
because evidence showed that he was struck by another vehicle while performing his
employment duties outside of covered vehicle); Fulton v. Tex. Farm Bureau Ins. Co.,
773 S.W.2d 391, 393 (Tex. App.—Dallas 1989, writ denied) (holding that trial court
did not err by granting defendant’s no-evidence motion for summary judgment on
ground that plaintiff was not occupying covered vehicle because plaintiff was struck
by another car after he had walked about freely through parking lot); cf. Tex. Farm
Bureau Mut. Ins. Co. v. Sturrock, 146 S.W.3d 123, 134 (Tex. 2004) (examining
meaning of “motor vehicle accident” and recognizing nexus test, stating that “the
automobile must, in some manner, be involved in the accident,” and concluding that
plaintiff was “occupying” covered vehicle for purposes of personal injury protection
coverage because to read policy’s terms to exclude accidents in which covered vehicle
itself caused injury would render definition of “covered person” meaningless).


 
          Here, USF&G–Defendant introduced the police report as summary-judgment
evidence to show that Louis had stopped on the right shoulder of the freeway to aid
a motorist, who was driving a Pontiac Trans Am. As he began to walk between the
covered vehicle,


 the Pontiac Trans Am,


 and the retaining wall, Rodriguez’s
automobile


 collided with the driver-side door of the covered vehicle, which caused
Rodriguez’s automobile to spin and to collide with the Pontiac Trans Am. Louis was
pinned between the covered vehicle, the Pontiac Trans Am, and the retaining wall. 
Again, USF&G–Defendant, as the movant, had the burden in its traditional motion for
summary judgment to establish conclusively that Louis was not occupying the covered
vehicle, i.e., that there was not “a causal connection” between Louis’s injuries and the
covered vehicle.
          When viewed in the proper light, the evidence summarized above shows that
an impact with the covered vehicle was a cause of Louis’s injuries: Rodriguez hit the
covered vehicle’s door, and Louis was described in the police report to have been
“caught between” the covered vehicle, the Pontiac Trans Am, and the retaining wall;
thus, the police report, when viewed in the required light, indicated that the covered
vehicle itself was involved in the accident and was a cause of Louis’s injuries. 
          In its brief on appeal, USF&G–Defendant contends that Louis was “not even
touching the covered vehicle”; however, there is no summary-judgment evidence that
conclusively supports this allegation. In fact, the evidence, when viewed in the
required light, suggests that Louis was pinned by the covered vehicle because the
police report describes Louis as being “caught between,” i.e., touching, the covered
vehicle, the Pontiac Trans Am, and the retaining wall. The evidence also suggests,
when viewed in the required light, that Louis had been outside the covered vehicle for
only a short amount of time because the police report stated that Louis “began
walking” between the covered vehicle, the other vehicle, and the retaining wall when
he was injured.


 USF&G–Defendant does not direct this Court to any summary-judgment evidence “expressly” or “conclusively” showing the physical proximity
between Louis and the covered vehicle or the amount of time during which Louis was
outside the vehicle. The evidence also shows that Louis’s purpose for being outside
of the covered vehicle was “to check on a vehicle that had just collided into [the]
outside retaining wall.” Although Louis’s purpose for being outside the was not
related to the use of the covered vehicle, that evidence supports that Louis intended
to return to the vehicle immediately, rather than later. Cf. McDonald, 176 S.W.3d at
466, 471 (stating that crossing road and proceeding away from vehicle to walk to place
where plaintiffs could seek assistance for repairing flat tire evidenced intent to return
to vehicle later rather than immediately, even though plaintiffs had left personal
belongings, such as clothing, briefcase, and log book, in vehicle). Viewing the
evidence in the light most favorable to Louis, USF&G–Defendant did not establish
conclusively that Louis was not occupying a covered vehicle. Cf. McKiddy, 155
S.W.3d at 309–10 (holding that trial court did not err by granting defendant’s no-evidence motion for summary judgment on ground that plaintiff was not occupying
covered vehicle because plaintiff produced no evidence showing how long he had
been out of covered vehicle before being struck or that his injuries were related to
impact with covered vehicle).
          Given our holding, we need not address Louis’s argument that he produced
summary-judgment evidence to raise a fact issue on whether Louis was an insured
under the UM/UIM endorsement because USF&G–Intervenor admitted that Louis was
an insured for purposes of coverage under the automobile policy. Neither do we need
to reach his challenge to the trial court’s overruling his objection to
USF&G–Defendant’s summary-judgment evidence.
          Accordingly, we hold that the trial court erred by granting USF&G–Defendant’s
motion for partial summary judgment against Louis.
          We sustain points of error one and two to the extent that they apply to Louis,
and overrule them as they apply to Tasha.
Conclusion
          We affirm the summary judgment on Tasha’s claim for loss of consortium
against USF&G–Defendant, reverse the judgment on Louis’s claim against
USF&G–Defendant, and remand the cause.                                            
 
 
                                                              
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.