Louis GOUDEAU and Tasha
Goudeau, Appellants,

v.

UNITED STATES FIDELITY &
GUARANTY COMPANY,
Appellee.

No. 01–04–01168–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 2006.

Rehearing Overruled Sept. 26, 2006.

Alton C. Todd, The Law Firm of Alton C. Todd, Friendswood, Otto D. Hewitt, III, Hewitt Law Firm, Alvin, TX, for Appellants.

Daniel G. Acosta, John R. Shrode, Richard J. Jauma, Acosta, Shrode & Soule, Rick Molina, Wesson H. Tribble, Tribble, Ross & Wagner, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices TAFT and NUCHIA.

## OPINION

TIM TAFT, Justice.

This case involves coverage under an automobile policy's uninsured underin-

sured motorist ("UM/UIM") clause. Appellants, Louis Goudeau ("Louis") and Tasha Goudeau ("Tasha"), appeal from a summary judgment rendered in favor of appellee, United States Fidelity & Guaranty Company (USF & G—Defendant).[1] We determine whether Tasha has specifically challenged every possible ground for the rendition of the trial court's summary-judgment ruling against her. We also determine whether the trial court erred in its summary-judgment ruling against Louis because (1) the UM/UIM endorsement in the automobile policy was ambiguous and (2) Louis was "occupying" a covered vehicle. We affirm the summary judgment on Tasha's claim for UM/UIM coverage against USF & G—Defendant, reverse the judgment on Louis's claim for UM/UIM coverage against USF & G—Defendant, and remand the cause.

### Factual Background

On the date of the accident on which this suit is based, Louis was an employee of Advantage Motors, Inc. d/b/a Advantage BMW—Clearlake or Advantage BMW ("Advantage") and was operating a vehicle owned by Advantage ("the covered vehicle"). Advantage had a worker's compensation policy ("the workers' compensation policy") and a business automobile policy ("the automobile policy") with "United States Fidelity & Guaranty Company." The automobile policy listed as named insureds "Momentum Motorcars, LTD" and certain of its affiliated business entities, including Advantage; and two individuals, Pete Delong champs and Ricardo Weitz. The automobile policy also contained an endorsement for UM/UIM coverage, which described "covered autos" as "any auto to which are attached dealer's license plates

issued to [Advantage]." The UM/UIM endorsement stated, "This [UM/UIM] coverage shall not apply directly to benefit any insurer or self-insurer under any workers' compensation, disability benefits or similar law." The UM/UIM endorsement defined an insured as "1. You and any designated person and any family member of either; 2. Any other person occupying a covered auto; 3. Any person or organization for damages that person or organization is entitled to recover because of bodily injury sustained by a person described in 1. or 2. above."

On May 31, 2001, Louis, who was driving in the covered vehicle, pulled onto the right shoulder of the freeway to offer assistance to a motorist who had been driving a Pontiac Trans Am that collided into the retaining wall. As Louis began to walk between the covered vehicle, the Pontiac Trans Am, and the retaining wall, Alex Rodriguez's automobile collided with the driver-side door of the covered vehicle, which caused Rodriguez's automobile to spin and to collide with the Pontiac Trans Am. Louis was pinned between the covered vehicle, the Pontiac Trans Am, and the retaining wall.

Louis sued Rodriguez for negligence and USF & G—Defendant for UM/UIM coverage under the automobile policy. Tasha, who was married to Louis at the time of the accident, sued USF & G—Defendant for loss of consortium. Tasha was not involved in the accident and was not driving, occupying, or otherwise using the covered vehicle at the time.

On June 25, 2003, USF & G, as intervenor ("USF & G—Intervenor"), filed its plea in intervention, alleging that it was "interested in the subject matter of this suit because it carried workers' compensa-

---

1. USF & G was a party to the lawsuit in two capacities, defendant and intervenor. In its capacity as defendant, USF & G was repre-

sented by Tribble & Sanders. In its capacity as intervenor, USF & G was represented by The Bair Law Firm.

tion insurance with [Louis's] employer, [Advantage]." USF & G—Intervenor pleaded that it was subrogated to the rights of Louis and Tasha to the extent of the amount that it had and would pay out under the workers' compensation policy.

On May 4, 2004, USF & G—Defendant moved for 166a(c) partial summary judgment on the grounds that (1) Louis was not an insured as a matter of law because he was excluded under the workers' compensation exclusion in the UM/UIM endorsement, (2) Louis and Tasha were not insureds as a matter of law because they were not occupying a covered automobile at the time of the accident, (3) Tasha could not recover for loss of consortium as a matter of law because the UM/UIM endorsement covered only damage for bodily injury or property damage, and (4) Tasha could not recover as a derivative of Louis's claim because he was not an insured as a matter of law. USF & G—Defendant attached the following summary-judgment evidence as exhibits: (1) "Plaintiffs' Second Amended Petition," (2) the automobile policy, (3) "Intervenor's First Amended Petition in Intervention," and (4) the police report of the accident. Louis and Tasha objected to USF & G—Defendant's summary-judgment evidence, alleging that the evidence was improper because it was unauthenticated. Louis and Tasha also responded to USF & G—Defendant's partial-summary-judgment motion, alleging that USF & G—Defendant had not met its summary-judgment burden, that there was a fact issue, and that the automobile policy language was ambiguous. On May 25, 2004, the trial court, in writing, overruled Louis and Tasha's objections to USF & G—Defendant's summary-judgment evidence; denied USF & G—Defendant's summary-judgment motion on the ground that Louis was not an insured because he was excluded under the workers' compensation exclusion in the UM/UIM endorse-

ment; and granted the summary-judgment motion "based on the premise that [Louis] was not 'occupying' a covered vehicle and the premise that [Tasha] is excluded from coverage."

On August 6, 2004, Louis settled with Rodriguez for the full policy liability limits of $20,000. On October 29, 2004, Louis and Tasha filed their notice of appeal. On November 17, 2004, USF & G—Intervenor filed its notice of appeal. On May 13, 2005, USF & G—Intervenor requested that this Court dismiss its appeal, which this court did by order dated June 23, 2005.

## Summary Judgment

In two points of error, Louis and Tasha argue that the trial court erred by rendering summary judgment in favor of USF & G—Defendant.

### A. Standard of Review and Burden of Proof

The propriety of summary judgment is a question of law, and we thus review the trial court's ruling de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). In reviewing a summary judgment, evidence favorable to the non-movant is taken as true, and all reasonable inferences are indulged in the non-movant's favor. *Johnson County Sheriff's Posse Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex.1996).

Traditional summary judgment under rule 166a(c) is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). A defendant is entitled to a traditional summary judgment if the evidence disproves as a matter of law at least one element of each of the plain-

tiff's causes of action or if the evidence conclusively establishes all elements of an affirmative defense. *Id.* We indulge every reasonable inference in favor of the non-movant, resolve any doubts in its favor, and take as true all evidence favorable to it. *Id.*

When the movant does not meet its burden of proof, the burden does not shift to the non-movant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000). The burden shifts to the non-movant only after the movant has established it is entitled to summary judgment as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989).

## B. Tasha's Cause of Action

On appeal, Tasha does not challenge the summary judgment for USF & G—Defendant on her loss-of-consortium cause of action on the grounds that (1) Tasha was not an insured because she was not occupying a covered automobile at the time of the accident and (2) Tasha could not recover for loss of consortium because the UM/UIM endorsement covered only damage for bodily injury or property damage.[2]

When more than one ground is asserted in a motion for summary judgment and the trial court does not specify the ground or grounds upon which it was rendered, the party aggrieved by the motion must challenge each ground asserted in the motion, or the summary judgment will be upheld on the unchallenged ground or grounds. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970); *Ellis v. Precision Engine Rebuilders, Inc.,* 68 S.W.3d 894, 898 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (holding that, when summary judgment rests on more than one ground, appealing party must assign error to each ground, or judgment will be affirmed on ground about which no complaint is made). Unless an appellant has specifically challenged every possible ground for the rendition of summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground. *See id.; Reese v. Beaumont Bank, N.A.,* 790 S.W.2d 801, 804–05 (Tex.App.-Beaumont 1990, no writ). Here, the trial court stated, "[USF & G—Defendant's] motion for summary judgment is GRANTED as to the grounds based on the premise that [Louis] was not 'occupying' a covered vehicle and the premise that [Tasha] is excluded from coverage. . . ." Accordingly, the trial court did not specify on which grounds it was ruling that *Tasha* was excluded from coverage. *See Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001) (holding that if judgment does not specify ground relied upon for granting summary judgment, judgment must be affirmed if any of grounds in motion has merit). The summary-judgment motion alleged three grounds against Tasha's cause of action.

Because Tasha did not challenge the above-mentioned grounds on appeal, the

---

2. We liberally construe the points of error in order to obtain a just, fair, and equitable adjudication of the rights of the litigants. *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex. 1982); Tex.R.App. P. 38.1(e). We look not only at the wording of the points of error, but also at the argument under each point to best determine the intent of the party. *Holley,* 629 S.W.2d at 696. Read fairly, "Goudeau Appellants' Brief" complains about USF & G—Defendant's improper summary-judgment evidence, USF & G—Defendant's failure conclusively to establish that Louis was not an insured because USF & G—Intervenor judicially admitted that Louis was an insured, that *Louis* was "occupying" a covered vehicle, and that the UM/UIM endorsement in the automobile policy was ambiguous. Even liberally construed, these points of error do not challenge the summary-judgment grounds noted above with respect to Tasha.

judgment must be affirmed with regard to her cause of action. *See Ellis,* 68 S.W.3d at 898; *Lewis v. Adams,* 979 S.W.2d 831, 833 (Tex.App.-Houston [14th Dist.] 1998, no pet.).

### C. Louis's Claim

Louis argues that the trial court erred in its summary-judgment ruling because USF & G—Defendant's summary-judgment evidence was improper, USF & G—Defendant failed to establish conclusively that Louis was not an insured because the UM/UIM endorsement in the automobile policy was ambiguous, Louis was "occupying" a covered vehicle, and USF & G—Intervenor judicially admitted that Louis was an insured.

### 1. Burdens of Proof Applicable to Insurance Coverage Disputes

■ In an insurance coverage dispute, the claimant has the initial burden to establish that his claim comes within the scope of coverage provided by the policy. *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.,* 130 S.W.3d 181, 188 (Tex.App.-Houston [14th Dist.] 2003, pet. denied); *Evergreen Nat'l Indem. Co. v. Tan It All, Inc.,* 111 S.W.3d 669, 675 (Tex. App.-Austin 2003, no pet.). In contrast, the insurer has the burden to prove that a claim comes within a policy exclusion or limitation of coverage. *Tan It All, Inc.,* 111 S.W.3d at 675; *see* Act of May 27, 1991, 72nd Leg., R.S., ch. 242, § 11.03, 1991 Tex. Gen. Laws 939, 1046 (repealed and recodified 2003) (current version at Tex. Ins.Code Ann. § 554.002 (Vernon Supp.2005)). Whether Louis was an insured under the UM/UIM endorsement is a question of the existence of coverage, rather than of an exclusion, limitation, or exception to coverage; accordingly, Louis

had the burden of proof.[3] *See Comsys Info. Tech. Servs.,* 130 S.W.3d at 188; *Tan It All, Inc.,* 111 S.W.3d at 675.

### 2. Ambiguity of Automobile Policy Language

■ Louis argues that the automobile policy was ambiguous because "[USF & G—Defendant] interprets its Policy to mean that [Louis] is not a covered insured—whereas [USF & G—Intervenor] construes the same Policy provisions to mean he is a covered insured."

■ We construe insurance policies in Texas according to the rules governing contract construction. *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex.2003). If policy language has a certain or definite legal meaning or interpretation, then it is not ambiguous, and we construe it as a matter of law. *Id.* Whether a contract is ambiguous is a question of law. *Id.* An ambiguity does not arise merely because the parties offer conflicting interpretations of the policy language. *Id.* Rather, an ambiguity exists only if the contract is susceptible of two or more reasonable interpretations. *Id.* If language in an insurance contract is ambiguous or inconsistent, and susceptible to more than one reasonable interpretation, a court resolves the uncertainty by adopting a construction that favors the insured. *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991). We thus construe an ambiguous insurance policy strictly against the insurer and in favor of coverage. *Barnett v. Aetna Life Ins.,* 723 S.W.2d 663, 666 (Tex.1987).

The UM/UIM endorsement expressly defined an insured as "1.You and any designated person and any family member of

---

**3.** USF & G—Defendant's argument on appeal is not based on an automobile policy exclusion or limitation, but is instead an argument

that Louis does not fall within the definition of an insured for that endorsement because he was not "occupying" a covered vehicle.

either; 2. Any other person occupying a covered auto; 3. Any person or organization for damages that person or organization is entitled to recover because of bodily injury sustained by a person described in 1. or 2. above." It also defined "occupying" as "in, upon, getting in, on, out or off." Contract language that can be given a certain or definite meaning is not ambiguous and should be interpreted as a matter of law. *See DeWitt County Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 100 (Tex.1999). The term "occupying" can be given a certain or definite meaning. *See McKiddy v. Trinity Lloyd's Ins. Co.*, 155 S.W.3d 307, 309 (Tex.App.-Dallas 2004, pet. denied) (holding that contract term "occupying" is not ambiguous as matter of law because Texas courts have applied the meaning of "getting in, on, out or off" to "occupying"). We hold that the automobile policy is not ambiguous merely because USF & G, in its different capacities below, advanced allegedly conflicting contract interpretations of the term. *See Schaefer*, 124 S.W.3d at 157. Accordingly, we need not resort to the rules of construction.

### 3. USF & G—Defendant's Summary–Judgment Burden[4]

■■■ Louis argues that "[USF & G—Defendant] has also clearly failed to meet its 'particularly heavy burden' [citation omitted] to 'prove conclusively all elements of (its) affirmative defense(s) as a matter of law....'" However, whether Louis was an insured under the UM/UIM endorsement is a question of the existence of

coverage, rather than of an exclusion, limitation, or exception to coverage; accordingly, Louis had the initial burden of proof to establish coverage under the terms of the automobile policy. *See Comsys Info. Tech. Servs., Inc.*, 130 S.W.3d at 188.[5] We construe Louis's argument to be that USF & G—Defendant failed to establish that no genuine issue of material fact existed concerning one or more essential elements of Louis's claim and that it was entitled to summary judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c).

The automobile policy contained the standard Texas UM/UIM endorsement that defined "insured" to include, in addition to the named insured, designated beneficiaries, family members, and "any other person occupying a covered auto." The parties do not dispute that the vehicle that Louis was driving was a "covered auto." Furthermore, they do not contend that Louis was a named insured, a family member, or a "designated person" under the automobile policy. Rather, Louis's position has consistently been that he qualifies as "[a]ny other person occupying a covered auto." The policy defined "occupying" as "in, upon, getting in, on, out or off."

■■■ USF & G—Defendant argues that it was entitled to summary judgment because Louis, who was not inside the covered vehicle and was walking on the shoulder of the freeway, was not "occupying" a covered vehicle when he was struck. When an injury has occurred outside of a covered vehicle, Texas courts look at

---

**4.** We do not reach Louis's challenge to the trial court's overruling his objection to USF & G—Defendant's summary-judgment evidence. For purposes of this discussion, we assume without deciding that the trial court did not err in overruling Louis's objection to USF & G—Defendant's summary-judgment evidence.

**5.** Although the initial substantive burden fell upon Louis, USF & G—Defendant had the

burden, in the summary-judgment context, to show that no material fact issue existed and that it was entitled to judgment as a matter of law. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex.1999); *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 188 (Tex.App.-Houston [14th Dist.] 2003, pet. denied).

whether there is a causal connection between the incident that caused the injury and the covered vehicle. *See McDonald v. S. County Mut. Ins. Co.,* 176 S.W.3d 464, 471 (Tex.App.-Houston [1st Dist.] 2004, no pet.). In assessing the existence of a causal relationship between the vehicle and the injury, Texas courts have considered such indicia as (1) the physical proximity between the injured person and the vehicle; (2) the amount of time during which the injured person was outside the vehicle; (3) the purpose for his being outside the vehicle, *i.e.* whether it was related to the use of the covered vehicle; and (4) whether an impact with the covered vehicle caused the injuries. *See Ferguson v. Aetna Cas. & Sur. Co.,* 369 S.W.2d 844, 845 (Tex.Civ. App.-Waco 1963, writ ref'd) (holding that trial court did not err by granting defendant's traditional summary-judgment motion because plaintiff was injured when she was walking toward covered vehicle and grabbed handle of *different* car for support); *McDonald,* 176 S.W.3d at 471 (holding that trial court did not err by finding that plaintiffs were not occupying covered vehicle when they walked approximately 50 feet away from covered vehicle, which was parked on shoulder of freeway, to opposite side of feeder road and were struck by *another* vehicle); *McKiddy,* 155 S.W.3d at 309–10 (holding that trial court did not err by granting defendant's no-evidence motion for summary judgment on ground that plaintiff was not occupying covered vehicle because evidence showed that plaintiff had exited covered vehicle and was approximately 10 feet away from it when he was struck by *another* vehicle); *Schulz v. State Farm Mut. Auto. Ins. Co.,* 930 S.W.2d 872, 875–76 (Tex.App.-Houston [1st Dist.] 1996, no pet.) (holding that trial court did not err by granting defendant's

traditional summary-judgment motion on ground that plaintiff was not occupying covered vehicle because plaintiff was shot outside of covered vehicle); *Ins. Co. of the State of Penn. v. Pearson,* No. 07–03–0340–CV, 2004 WL 2053285 at *1 (Tex. App.-Amarillo Sept.7, 2004, no pet.) (mem. op.) (holding that trial court erred by denying defendant's traditional summary-judgment motion on ground that plaintiff was not occupying covered vehicle because evidence showed that he was struck by *another* vehicle while performing his employment duties outside of covered vehicle); *Fulton v. Tex. Farm Bureau Ins. Co.,* 773 S.W.2d 391, 393 (Tex.App.-Dallas 1989, writ denied) (holding that trial court did not err by granting defendant's no-evidence motion for summary judgment on ground that plaintiff was not occupying covered vehicle because plaintiff was struck by *another* car after he had walked about freely through parking lot); *cf. Tex. Farm Bureau Mut. Ins. Co. v. Sturrock,* 146 S.W.3d 123, 134 (Tex.2004) (examining meaning of "motor vehicle accident" and recognizing nexus test, stating that "the automobile must, in some manner, be involved in the accident," and concluding that plaintiff was "occupying" covered vehicle for purposes of personal injury protection coverage because to read policy's terms to exclude accidents in which covered vehicle *itself* caused injury would render definition of "covered person" meaningless).[6]

■ Here, USF & G—Defendant introduced the police report as summary-judgment evidence to show that Louis had stopped on the right shoulder of the freeway to aid a motorist, who was driving a Pontiac Trans Am. As he began to walk

---

**6.** In *Tex. Farm Bureau Mut. Ins. Co. v. Sturrock,* the Texas Supreme Court observed that whether a person was "occupying" a vehicle often turns on whether the covered vehicle was a causative factor in the injury. 146 S.W.3d 123, 128–30 (Tex.2004).

between the covered vehicle,[7] the Pontiac Trans Am,[8] and the retaining wall, Rodriguez's automobile[9] collided with the driver-side door of the covered vehicle, which caused Rodriguez's automobile to spin and to collide with the Pontiac Trans Am. Louis was pinned between the covered vehicle, the Pontiac Trans Am, and the retaining wall. Again, USF & G—Defendant, as the movant, had the burden in its traditional motion for summary judgment to establish conclusively that Louis was not occupying the covered vehicle, *i.e.*, that there was not "a causal connection" between Louis's injuries and the covered vehicle.

When viewed in the proper light, the evidence summarized above shows that an impact with the covered vehicle was a cause of Louis's injuries: Rodriguez hit the covered vehicle's door, and Louis was described in the police report to have been "caught between" the covered vehicle, the Pontiac Trans Am, and the retaining wall; thus, the police report, when viewed in the required light, indicated that the covered vehicle *itself* was involved in the accident and was a cause of Louis's injuries.

In its brief on appeal, USF & G—Defendant contends that Louis was "not even touching the covered vehicle"; however, there is no summary-judgment evidence that conclusively supports this allegation. In fact, the evidence, when viewed in the required light, suggests that Louis was pinned by the covered vehicle because the police report describes Louis as being "caught between," *i.e.*, touching, the cov-

ered vehicle, the Pontiac Trans Am, and the retaining wall. The evidence also suggests, when viewed in the required light, that Louis had been outside the covered vehicle for only a short amount of time because the police report stated that Louis "began walking" between the covered vehicle, the other vehicle, and the retaining wall when he was injured.[10] USF & G—Defendant does not direct this Court to any summary-judgment evidence "expressly" or "conclusively" showing the physical proximity between Louis and the covered vehicle or the amount of time during which Louis was outside the vehicle. The evidence also shows that Louis's purpose for being outside of the covered vehicle was "to check on a vehicle that had just collided into [the] outside retaining wall." Although Louis's purpose for being outside the was not related to the use of the covered vehicle, that evidence supports that Louis intended to return to the vehicle immediately, rather than later. *Cf. McDonald,* 176 S.W.3d at 466, 471 (stating that crossing road and proceeding away from vehicle to walk to place where plaintiffs could seek assistance for repairing flat tire evidenced intent to return to vehicle later rather than immediately, even though plaintiffs had left personal belongings, such as clothing, briefcase, and log book, in vehicle). Viewing the evidence in the light most favorable to Louis, USF & G—Defendant did not establish conclusively that Louis was not occupying a covered vehicle. *Cf. McKiddy,* 155 S.W.3d at 309–10 (holding that trial court did not err by granting

---

7. The covered vehicle was identified as "Unit # 2" in the police report.

8. The 1986 Red Pontiac Trans Am was identified as "Unit # 3" in the police report.

9. Rodriguez's automobile was identified as "Unit # 1" in the police report.

10. The police report specifically stated that "[Louis] *began walking* up between [the covered vehicle], the Pontiac Grand Am and the retaining wall. As he was doing so, [Rodriguez's vehicle] traveling in the left lane of the offramp, began to hydroplane on the wet roadway, and collided with the driver side door of [the covered vehicle]." (Emphasis added.)

defendant's no-evidence motion for summary judgment on ground that plaintiff was not occupying covered vehicle because plaintiff produced no evidence showing how long he had been out of covered vehicle before being struck or that his injuries were related to impact with covered vehicle).

Given our holding, we need not address Louis's argument that he produced summary-judgment evidence to raise a fact issue on whether Louis was an insured under the UM/UIM endorsement because USF & G—Intervenor admitted that Louis was an insured for purposes of coverage under the automobile policy. Neither do we need to reach his challenge to the trial court's overruling his objection to USF & G—Defendant's summary-judgment evidence.

Accordingly, we hold that the trial court erred by granting USF & G—Defendant's motion for partial summary judgment against Louis.

We sustain points of error one and two to the extent that they apply to Louis, and overrule them as they apply to Tasha.

## Conclusion

We affirm the summary judgment on Tasha's claim for loss of consortium against USF & G—Defendant, reverse the judgment on Louis's claim against USF & G—Defendant, and remand the cause.