Res judicata only applies to the cause of action filed by the plaintiff
and not to the









 

 

Issued June 7, 2007

 

 

 








 

     

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00048-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IGLESIA HISPANA NUEVA VIDA HOUSTON, INC., Appellant

 

V.

 

ADOLFO ROSIN, Appellee

 

 



On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2003-17663








 



MEMORANDUM OPINION

Iglesia Hispana
Nueva Vida (“Hispana”) appeals a summary judgment granted in favor of Adolfo
Rosin.  Hispana contends the trial court erred in granting summary judgment
because (1) its claims are not barred by res judicata and collateral estoppel
and (2) material facts exist on its claims.  We conclude that Hispana failed to
brief its issue regarding collateral estoppel.  As the trial court’s summary
judgment can stand on the issue that Hispana failed to brief, we affirm.

Background

          This is a
church dispute.  In 1982, the Newlife Church, also known as Iglesia Bautista
Nueva Vida (“Bautista”), purchased property located at 4110 Telephone Road in Houston, Texas.  As a part of the sale, the Gulfgate Assembly of God Church executed a
warranty deed to Bautista and Bautista executed a note for the purchase price. 
Bautista operated as a church under the leadership of its pastor, Adolfo Rosin.

In 1991, Bautista
merged with the Church of God.  As a part of the merger, Bautista conveyed all
of its documents and assets, including membership and real estate, to the Church of God, and Bautista ceased to exist.  The church also adopted the operation
guidelines of the Church of God.  The Church of God recruited Reverend Daniel
Melendez to be minister after the merger, and Rosin simultaneously left the
church.  

When Bautista
transferred its assets to the Church of God in 1991, it did not properly convey
the church property.  The Church of God remedied this error by obtaining a
warranty deed from Rosin, on behalf of Bautista, almost ten years later.  The
deed is dated February 2, 2001, signed by Rosin in his capacity as minister of
Bautista, and states that Rosin received ten dollars in consideration.  Rosin later
testified in his deposition that he received no compensation for the execution
of the deed.  The church filed the deed in the Harris County Clerk’s office on
February 5, 2001.  Around this time, conflict arose between the church’s new
minister, Melendez, and the Church of God.  In 2000, Melendez filed articles of
incorporation for a new entity, “Iglesia Hispana Nueva Vida-Houston, Inc.”
(Hispana) and procured a deed purporting to convey the property from Bautista
to Hispana through its purported trustees Guadalupe Marquez, Heriberto Sanchez,
Rosita Banda, and Rogelia Gamboa.  This deed was not recorded until March 7,
2001, a month after the Church of God’s deed.  The two conflicting deeds were
the subject of a prior suit (the “deed litigation”), in which the Church of God sought declaratory and injunctive relief to quiet title against Melendez and
Hispana.[1] 

In the deed
litigation, the Church of God brought claims against Melendez and Hispana for
trespass to try title, breach of fiduciary duty, and breach of contract in
addition to its request for declaratory relief.  The 55th District Court of
Harris County granted a default judgment in favor of the Church of God after the defendants failed to appear, declaring valid the deed signed by Rosin to the Church of God.  The court further declared that fee simple title of the property is held by
the Church of God and that Melendez and Hispana hold no ownership interest in
the property.[2]

Hispana
subsequently sued Rosin in the 151st District Court of Harris County, alleging
Rosin wrongfully conveyed the property to third parties without Hispana’s
consent.  In its petition, Hispana presents itself as “Iglesia Hispana Nueva
Vida Houston, Inc. (‘Church’), formerly known as and successor in interest to
the New Life Church.”[3] 
Hispana asserts legal title to the property by alleging that it purchased the
property in 1982.  Hispana also claims Rosin is Hispana’s former minister, and
that Rosin breached fiduciary duties owed to Hispana when he transferred the
property to the Church of God.  Based on these allegations, Hispana sued Rosin
for claims of constructive fraud, breach of fiduciary duty, and conversion
arising out of his conveyance of the property to the Church of God, and requests an accounting of the consideration received by Rosin.

Rosin moved for
summary judgment, alleging that Hispana’s claims are prohibited by res judicata
and collateral estoppel.  The court took the motion under advisement and
allowed Hispana to take Rosin’s deposition, limited to his involvement in the
execution of the deed.  Rosin’s deposition took place in November 2004.  Rosin
then filed a no-evidence motion on Hispana’s claims.  The no-evidence motion
argues Hispana lacks standing because it does not have a legal interest in the
property, since it is not the same entity as Bautista, and that there is no
evidence that Rosin received consideration for executing the deed, based on
Rosin’s deposition testimony. In response, Hispana submitted the affidavits of
eight church members, contesting Rosin’s testimony that Bautista merged its
assets with the Church of God.  The trial court granted summary judgment
without stating the basis for its ruling.

Summary Judgment

Standard of Review

Rosin filed both a traditional motion for summary judgment and a no-evidence
motion.  See Tex. R. Civ. P.
166a(c), (i).  Under the traditional standard for summary judgment, a movant
has the burden to show that no genuine issue of material fact exists and that
the trial court should grant judgment as a matter of law.  Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999).  We view all evidence in a light favorable to the
nonmovant and indulge every reasonable inference in the nonmovant’s favor.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  We review a no-evidence summary judgment de novo by construing the record in
the light most favorable to the nonmovant and disregarding all contrary evidence
and inferences.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  A no-evidence summary judgment is improperly granted when the respondent
brings forth more than a scintilla of probative evidence that raises a genuine
issue of material fact.  See Tex.
R. Civ. P. 166a(i); Coastal Conduit & Ditching, Inc. v. Noram
Energy Corp., 29 S.W.3d 282, 284-85 (Tex. App.—Houston [14th Dist.] 2000,
no pet.).  When, as here, a trial court’s order granting summary
judgment does not specify the grounds relied upon, we affirm the summary
judgment if any of the summary judgment grounds is meritorious.  FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 873-74 (Tex. 2000).

Analysis

          As Rosin correctly
observes, when multiple grounds for summary judgment exist and the trial court does
not specify the ground on which the summary judgment was granted, an appellant
must negate on appeal all possible grounds.  Star-Telegram, Inc. v. Doe,
915 S.W.2d 471, 473 (Tex. 1995); Ellis v. Precision Engine Rebuilders, Inc.,
68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  If the
appellant fails to negate each possible ground upon which the judgment may have
been granted, an appellate court must uphold the summary judgment.  See Ellis,
68 S.W.3d at 898.

          Rosin moved for summary
judgment against Hispana on the grounds of res judicata and collateral
estoppel, and submitted a no-evidence motion on Rosin’s claims of constructive
fraud, breach of fiduciary duty, and conversion, attacking specific elements of
these claims.  The summary judgment did not specify the particular grounds on
which it was rendered; therefore, Hispana must defeat each of these grounds.[4]
 See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

          Rule 31.8(h) of the Texas
Rules of Appellate Procedure requires an appellant’s brief to contain “a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.”  Tex. R.
App. P. 38.1(h).  Here, Hispana offers no legal analysis, argument,
citations to the record, nor any authorities to support its contention on
appeal that its claims are not barred by collateral estoppel.[5]
 Under these circumstances, we conclude Hispana has failed to adequately brief
this ground.  See Williams v. Crum & Forster Commercial Ins., 915
S.W.2d 39, 42–43 (Tex. App.—Dallas 1995) (noting that issue is waived when
appellant fails to cite legal authority in support of issue, as required by
rules of appellate procedure, and thereby affirming summary judgment because
appellant had not properly challenged each ground asserted in support of
summary judgment), rev’d on other grounds, 955 S.W.2d 267 (Tex. 1997).

Because the trial court could have
granted summary judgment on the basis that these claims were barred by
collateral estoppel, and Hispana did not brief this ground, we affirm the
summary judgment.  See Ellis, 68 S.W.3d at 898; Goudeau v. United States Fid. & Guar. Co., No. 01-04-01168-CV, 2006 WL 2506958, at *3 (Tex.
App.—Houston [1st Dist.], Aug. 31, 2006, pet. filed) (affirming summary
judgment because appellant did not specifically challenge every possible ground
for trial court’s summary judgment ruling); McIntyre v. Wilson, 50
S.W.3d 674, 681–82 (Tex. App.—Dallas 2001, pet. denied) (upholding summary
judgment because trial court could have granted summary judgment on ground that
appellant failed to adequately brief, by offering no discussion on issue, making
passing reference to ground in other issues, and citing generally to law review
article). 

Conclusion

We affirm the judgment of the trial
court.

All pending motions are dismissed as
moot.

 

 

Jane Bland

                                                          Justice

 

Panel consists of Chief Justice Radack
and Justices Jennings and Bland.









[1] Church of God v. Daniel Melendez & Iglesia
Hispana Nueva Vida Houston, Inc., No. 2002-00077 (55th Dist. Ct., Harris
County, Tex. Jan. 3, 2002).

 





[2] In the deed litigation, Melendez and Hispana moved
for a new trial, which they claim the judge granted from the bench.  However,
no signed order appears in the record.  Melendez and Hispana then filed a bill
of review on grounds that the order was omitted from the record by official
mistake.  After a hearing on the issue, the trial court denied the bill of
review and ordered that Melendez and Hispana take nothing.  The court noted
during the hearing that he “intend[ed] to deny, and did intentionally allow the
Motion for New Trial to be overruled by operation of law . . . [a]nd . . . with
that understanding, it is appropriate that the bill of review be denied.”

 





[3] There is no evidence in the record, however, that
Hispana ever formally adopted the name “New Life Church” by filing for an
assumed name with a government entity.





[4] An appellant may also assert a general complaint that
the trial court erred in granting summary judgment.  See Malooly Bros. Inc.
v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).  Hispana, however, makes no
such assertion.

 





[5] Hispana offers no discussion on the ground of
collateral estoppel other than to include the term in an issue heading.  Specifically,
the issue heading states, “New Life Church’s claims were not barred by res
judicata or collateral estoppel.”